UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————— x
HOPE CHECKLEY,                        :
                    Plaintiff,        :      Case No. 15-cv-5827 (NRB)
                                      :
        - against -                   :      **ANSWER**
                                      :
INTEREXCHANGE, INC. and CHRISTINE     :
LA MONICA-LUNN,                       :
                                      :
                    Defendants.       :
                                      :
———————————————————————— x

        Defendants InterExchange, Inc. ("IE") and Christine La Monica-Lunn ("La Monica-Lunn," and referred to collectively with IE as "Defendants"), by their attorneys Davis Wright Tremaine LLP, state as follows for their answer to the Complaint filed in this action by the plaintiff Hope Checkley ("Plaintiff" or "Checkley"):

        1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the Complaint.

        2.      Paragraph 2 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 2 contains any allegations of fact, Defendants deny them.

        3.      Admit that Plaintiff was, and is, employed in New York County, and that IE maintains an office in New York County.  The remaining allegations in Paragraph 3 of the Complaint set forth legal conclusions to which no responsive pleading is required.

        4.      Deny that Plaintiff is entitled to any relief under any of the statutes invoked in Paragraph 4 of the Complaint, except admit that Plaintiff purports to assert claims under each of

them.  Deny knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 4 concerning service of a copy of the Complaint upon the New York City Commission on Human Rights and on the New York City Corporation Counsel.

5.      Admit the allegations in Paragraph 5 of the Complaint.

6.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint.

7.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint.

8.      Deny the allegations in Paragraph 8 of the Complaint, and specifically deny that La-Monica Lunn retained Plaintiff at any time, except admit that IE retained Plaintiff as an independent contractor from May 2007 to September 2007.

9.      Deny the allegations in Paragraph 9 of the Complaint, and specifically deny that La-Monica Lunn employed Plaintiff at any time, except admit that IE has employed Plaintiff as Finance Director from September 2007 to the present.

10.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint.

11.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint.

12.     Deny that IE is a "domestic business non-profit corporation," except admit that it is an entity existing under the laws of the State of New York with a place of business at 100 Wall Street.

13.     Admit the allegations in Paragraph 13 of the Complaint.

14.     Deny the allegations in Paragraph 14 of the Complaint, except admit that LaMonica-Lunn is employed by IE as its President and CEO.

15.     Deny the allegations in Paragraph 15 of the Complaint, except admit that, from September 2007 to September 2012, LaMonica-Lunn was one of the people to whom Plaintiff reported directly.

16.     Deny the allegations in Paragraph 16 of the Complaint, except admit that, from September 2007 to September 2012, LaMonica-Lunn had input into IE's employment decisions regarding Plaintiff.

17.     Deny the allegations in Paragraph 17 of the Complaint, and specifically deny that Defendants have taken any adverse employment action against Plaintiff.

18.     Paragraph 18 of the Complaint sets forth legal conclusions to which no responsive pleading is required.  To the extent that Paragraph 18 contains any allegations of fact, Defendants deny them.

19.     Deny the allegations in Paragraph 19 of the Complaint, except admit that IE hired Plaintiff in or around September 2007 in the position of Finance Director.

20.     Deny the allegations in Paragraph 20 of the Complaint, except admit that, when Plaintiff was hired, she managed a team of three, liaised with tax auditors on behalf of IE, managed the operations of the Finance Department, and reported directly to, among others, LaMonica-Lunn.

21.     Deny the allegations in Paragraph 21 of the Complaint, except admit that, in or about September 2008, Plaintiff supervised five employees, liaised with tax auditors on behalf of IE, managed the operations of the Finance Department, and reported directly to, among others, LaMonica-Lunn.

22.     Deny the allegations in Paragraph 22 of the Complaint.

23.     Deny the allegations in Paragraph 23 of the Complaint.

24.     Deny the allegations in Paragraph 24 of the Complaint.

25.     Deny the allegations in Paragraph 25 of the Complaint.

26.     Deny the allegations in Paragraph 26 of the Complaint.

27.     Deny the allegations in Paragraph 27 of the Complaint.

28.     Deny the allegations in Paragraph 28 of the Complaint.

29.     Deny the allegations in Paragraph 29 of the Complaint.

30.     Admit the allegations in Paragraph 30 of the Complaint.

31.     Deny the allegations in Paragraph 31 of the Complaint, except admit that Lee Andrews was hired as IE's CFO.

32.     Deny the allegations in Paragraph 32 of the Complaint, except admit that Plaintiff was made aware of the CFO position upon IE's decision to hire Lee Andrews.

33.     Deny the allegations in Paragraph 33 of the Complaint, except admit that Mr. Andrews's salary was higher than that of Plaintiff at the time of his hire, and, further answering, aver that Plaintiff was employed by IE on a part-time basis, whereas Mr. Andrews was hired by IE on a full-time basis.

34.     Deny the allegations in Paragraph 34 of the Complaint, except admit that Mr. Andrews's salary is higher than that of Plaintiff, and, further answering, aver that Plaintiff is employed by IE on a part-time basis, whereas Mr. Andrews is employed by IE on a full-time basis.

35.     Admit the allegations in Paragraph 35 of the Complaint.

36.     Deny the allegations in Paragraph 36 of the Complaint.

37.     Deny the allegations in Paragraph 37 of the Complaint.

38.     Deny the allegations in Paragraph 38 of the Complaint.

39.     Admit the allegations in Paragraph 39 of the Complaint.

40.     Deny the allegations in Paragraph 40 of the Complaint.

41.     Deny the allegations in Paragraph 41 of the Complaint, except admit that Plaintiff has provided Mr. Andrews with information regarding the organization.

42.     Deny the allegations in Paragraph 42 of the Complaint.

43.     Deny the allegations in Paragraph 43 of the Complaint.

44.     Deny the allegations in Paragraph 44 of the Complaint.

45.     Deny the allegations in Paragraph 45 of the Complaint.

46.     Deny the allegations in Paragraph 46 of the Complaint.

47.     Deny the allegations in Paragraph 47 of the Complaint, and specifically deny that Ms. Santomasso is similarly situated to Plaintiff, except admit that Ms. Santomasso formerly held the position of IE's Director of Operations and now holds the position of Vice President and Chief Operating Officer.

48.     Deny the allegations in Paragraph 48 of the Complaint, and specifically deny that Mr. McHugh is similarly situated to Plaintiff, except admit that Mr. McHugh formerly held the position of IE's Program Director and now holds the position of Vice President of Programs, Au Pairs.

49.     Deny the allegations in Paragraph 49 of the Complaint, and specifically deny that Mr. Slamin is similarly situated to Plaintiff, except admit that Mr. Slamin formerly held the position of IE's Program Director and now holds the position of Senior Vice President of Programs.

50.     Deny the allegations in Paragraph 50 of the Complaint, and specifically deny that Mr. Kelly is similarly situated to Plaintiff, except admit that Mr. Kelly formerly held the position of IE's IT Engineer and now holds the position of Chief Technology Officer.

DWT 27835172v2 0105302-000001

51.     Deny the allegations in Paragraph 51 of the Complaint and specifically deny that Ms. Sebeck is similarly situated to Plaintiff.

52.     Deny the allegations in Paragraph 52 of the Complaint.

53.     Deny the allegations in Paragraph 53 of the Complaint.

54.     Deny the allegations in Paragraph 54 of the Complaint, and, further answering, aver that Plaintiff is IE's only management-level employee employed on a part-time basis.

55.     Deny the allegations in Paragraph 55 of the Complaint.

56.     Deny the allegations in Paragraph 56 of the Complaint.

57.     Deny the allegations in Paragraph 57 of the Complaint.

## AS TO THE FIRST CLAIM FOR RELIEF

58.     Repeat and re-allege each and every response set forth in all preceding paragraphs of this  Answer with the same force and effect as if fully set forth herein.

59.     The allegations in Paragraph 59 consist of a mere partial recitation of the contents of the NYSHRL, and accordingly, no responsive pleading is required.  To the extent that Paragraph 59 makes any factual allegations, Defendants deny them, and refer the Court to the NYSHRL for a complete and accurate recitation of its contents.

60.     Deny the allegations in Paragraph 60 of the Complaint.

61.     Deny the allegations in Paragraph 61 of the Complaint.

62.     Deny the allegations in Paragraph 62 of the Complaint.

## AS TO THE SECOND CLAIM FOR RELIEF

63.     Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

64.     The allegations in Paragraph 64 consist of a mere partial recitation of the contents of the NYCHRL, and accordingly, no responsive pleading is required.  To the extent that Paragraph 64 makes any factual allegations, Defendants deny them, and refer the Court to the NYCHRL for a complete and accurate recitation of its contents.

65.     Deny the allegations in Paragraph 65 of the Complaint.

66.     Deny the allegations in Paragraph 66 of the Complaint.

67.     Deny the allegations in Paragraph 67 of the Complaint.

## AS TO THE THIRD CLAIM FOR RELIEF

68.     Repeat and re-allege each and every response set forth in all preceding paragraphs of this Answer with the same force and effect as if fully set forth herein.

69.     Deny the allegations in Paragraph 69 of the Complaint.

70.     The allegations in Paragraph 70 consist of a mere partial recitation of the contents of 42 U.S.C. § 1981, and accordingly, no responsive pleading is required.  To the extent that Paragraph 70 makes any factual allegations, Defendants deny them, and refer the Court to 42 U.S.C. § 1981 for a complete and accurate recitation of its contents.

71.      The allegations in Paragraph 71 consist of a mere partial recitation of the contents of 42 U.S.C. § 1981 and the Fourteenth Amendment to the US. Constitution, and

DWT 27835172v2 0105302-000001

accordingly, no responsive pleading is required.  To the extent that Paragraph 71 makes any factual allegations, Defendants deny them, and refer the Court to 42 U.S.C. § 1981 and the U.S. Constitution for a complete and accurate recitation of its contents.

72.     Deny the allegations in Paragraph 72 of the Complaint.

73.     Deny the allegations in Paragraph 73 of the Complaint.

74.     Deny the allegations in Paragraph 74 of the Complaint.

## AS TO PLAINTIFF'S PRAYER FOR RELIEF

75.     Deny that Plaintiff is entitled to any of the relief claimed in "Wherefore" clauses A-G.

## SEPARATE DEFENSES

Defendants reserve the right to amend this Answer and to assert additional defenses and/or supplement, alter, or change their Answer and Separate Defenses upon completion of appropriate investigation and discovery.  The statement of any defense hereafter does not assume the burden of proof for any issue as to which applicable law places the burden on Plaintiff.

## FIRST SEPARATE DEFENSE

The Complaint and each claim fails to state a claim upon which relief can be granted, in whole or in part.

## SECOND SEPARATE DEFENSE

Plaintiff's claims are barred based on the doctrine of unclean hands.

## THIRD SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff is estopped by her own conduct to claims and any right to damages or other monetary relief from Defendants.

Alternatively, Plaintiff's recovery must be reduced in proportion to her own share of contributory fault for the damages she claims to have suffered.

## FOURTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, by the applicable statute of limitations and/or filing periods, and/or by the doctrine of laches, estoppel and/or waiver.

## FIFTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff failed to exhaust all administrative prerequisites before filing suit.

## SIXTH SEPARATE DEFENSE

Defendants' actions with respect to Plaintiff were taken solely for legitimate, non-discriminatory, non-prohibited reasons and/or for good cause unrelated to Plaintiff's race.

## SEVENTH SEPARATE DEFENSE

If and to the extent that any action taken with respect to Plaintiff was motivated by an impermissible consideration, which Defendants expressly deny, Defendants would have taken the same action for non-discriminatory reasons.

## EIGHTH SEPARATE DEFENSE

At all relevant times, including prior to the allegations that form the basis of Plaintiff's claims, IE had established and complied with policies and procedures for the detection, prevention, and remediation of unlawful employment practices.

## NINTH SEPARATE DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff unreasonably failed to avail herself of IE's internal grievance policy with respect to claims of discrimination.

### TENTH SEPARATE DEFENSE

If Plaintiff has suffered damages, which Defendants expressly deny, Plaintiff has failed to make reasonable and diligent efforts to mitigate her damages.

### ELEVENTH SEPARATE DEFENSE

Plaintiff is not entitled to punitive damages because Defendants' conduct was not willful, motivated by evil motive or intent, or in reckless indifference to Plaintiff's legally protected rights. To the extent that any of IE's agents acted with such willfulness, evil motive or intent, or reckless indifference to Plaintiff's legally protected rights, which Defendants expressly deny, such actions were contrary to IE's good-faith efforts to enforce its anti-discrimination policies.

### TWELFTH SEPARATE DEFENSE

Defendant LaMonica-Lunn cannot be held individually liable, in whole or in part, for the actions alleged in the Complaint.

### THIRTEENTH SEPARATE DEFENSE

Defendants assert that they presently have insufficient knowledge or information upon which to form a belief as to whether they may have additional, as yet unstated, affirmative defenses available. Defendants reserve the right to assert additional defenses in the event that discovery reveals that such defenses would be appropriate.

DWT 27835172v2 0105302-000001

WHEREFORE, defendants InterExchange, Inc. and Christine La Monica-Lunn respectfully request that the Complaint be dismissed with prejudice and that they be awarded costs, including reasonable attorneys' fees, along with such other and further relief as the Court may deem just and proper.

Dated: New York, New York
      September 29, 2015

Respectfully submitted,

DAVIS WRIGHT TREMAINE LLP

By: _____

Laura Sack
Michael J. Goettig

*Attorneys for Defendants*
*InterExchange, Inc. and*
*Christine La Monica-Lunn*
1251 Avenue of the Americas, 21st Floor
New York, New York 10020
(212) 489-8230

DWT 27835172v2 0105302-000001