UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOPE CHECKLEY,

    Plaintiff,

-against-

INTEREXCHANGE, INC. and CHRISTINE LA MONICA-LUNN,

    Defendants.

Case No.: 15-cv-05827 (NRB)

**AMENDED COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiff HOPE CHECKLEY ("Plaintiff" or "Checkley"), by and through her attorneys, SERRINS FISHER LLP, alleges against INTEREXCHANGE, INC. ("Defendant InterExchange") and CHRISTINE LA MONICA-LUNN ("Defendant La Monica-Lunn") (Defendant InterExchange and Defendant La Monica-Lunn are collectively "Defendants") as follows:

### JURISDICTION AND VENUE

1. Plaintiff Checkley is a resident of the State of New York.

2. Jurisdiction of this Court is proper under 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States. Supplemental jurisdiction over Plaintiff Checkley's state law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution..

3. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) in that Defendant InterExchange, Inc. maintains offices and conducts business in this district. Plaintiff Checkley was employed by Defendants in this district.

## NATURE OF THE ACTION

4. Plaintiff Checkley brings this action to challenge Defendants' practice of racial discrimination and retaliation in the terms, conditions, and privileges of her employment in violation of 42 U.S.C. § 1981 ("Sec. 1981"), the New York State Human Rights Law, Executive Law § 296 *et seq.* ("NYSHRL"), and the Administrative Code of the City of New York, § 8-101 *et seq.* ("NYCHRL"). Pursuant to § 8-502(c) of the NYCHRL, within ten days of the filing this Complaint with the Court, Plaintiff will serve a copy of this Complaint on the New York City Commission on Human Rights and on the Corporation Counsel for the City of New York.

## THE PARTIES

5. Plaintiff Checkley is an individual of African American race.

6. Plaintiff Checkley earned a Masters of Business Administration degree from the University of Phoenix in or about June 2006.

7. By 2004, she had passed all four (4) parts of the CPA examination.

8. Defendants retained Plaintiff Checkley as an independent contractor from May 2007 to September 2007.

9. Defendants have employed Plaintiff Checkley as a Finance Director from in or about September 2007 to on or about April 14, 2016.

10. Immediately prior to working for Defendant InterExchange, Plaintiff Checkley worked as an independent contractor for various law firms, non-profits, and individual clients for whom she conducted tax preparation.

11. Prior to working for Defendants, Plaintiff Checkley worked for Piper Rudnick, a large law firm, where she worked as an Accounting Supervisor running the Accounting Department for approximately one (1) year.

2

12. Defendant InterExchange, Inc. is a domestic business non-profit corporation organized and existing under the laws of the State of New York, which maintains its principal place of business at 100 Wall Street, #301, New York, New York 10005.

13. Defendant InterExchange, Inc. operates a non-profit organization that promotes cross-cultural awareness through work and volunteer exchange programs.

14. Defendant La Monica-Lunn is employed by Defendant InterExchange, Inc. and has served as the organization's Chief Executive Officer for most of Plaintiff Checkley's tenure. Defendant La Monica-Lunn has been Defendant InterExchange's President from in or about 2010 to present.

15. Defendant La Monica-Lunn directly supervised Plaintiff Checkley from in or about September 2007 to September 2012.

16. As Plaintiff Checkley's supervisor, Defendant La Monica-Lunn made decisions and exercised control with regard to Plaintiff Checkley's terms and conditions of employment.

17. Defendant La Monica-Lunn made the decisions to take and/or participated in and/or recommended the adverse employment actions enumerated herein against Plaintiff Checkley.

18. Defendant La Monica-Lunn may be held individually liable under the NYSHRL and NYCHRL given that Defendant La Monica-Lunn exercised supervisory control over Plaintiff Checkley and had the power to do more than carry out personnel decisions made by others.

## FACTUAL ALLEGATIONS

### Background

19. In or about September 2007, Defendants hired Plaintiff Checkley to work as a Finance Director.

20. When Plaintiff Checkley first began working as a Finance Director, she managed a team of three (3) people. She served as the liaison between Defendant InterExchange and tax auditors. She also managed the day-to-day operations of the Finance Department and reported directly to Defendant La Monica-Lunn.

21. In or about September 2008, two (2) additional employees were hired into the Finance Department. Plaintiff Checkley began supervising these 2 additional individuals so that she supervised a total of five (5) employees. She continued to serve as the liaison between Defendant InterExchange and tax auditors and managed the day-to-day operations of the Finance Department. She continued to report directly to Defendant La Monica-Lunn.

22. At all relevant times, Plaintiff Checkley was qualified for her position and performed her job duties in a satisfactory manner.

23. Plaintiff Checkley is and has been the only African American in management at the organization during her eight (8) year tenure.

24. From the outset of her employment, Plaintiff Checkley became an authority in the Finance Department, demonstrating keen knowledge of financial protocols, practices, and procedures.

25. During her employment, Plaintiff Checkley resolved and improved many issues in the Finance Department and within the organization's books and records.

26. She created a new financial system and new protocols for the organization in order to create more accurate financial reporting.

27. Plaintiff Checkley's subordinates relied heavily upon Plaintiff Checkley to gain knowledge and direction of proper financial protocols.

28. To present, rarely have accounting procedures and practices been incorporated into the organization's financial operations without Plaintiff Checkley's approval.

### Defendants Passed Plaintiff Checkley Over for the Position of Chief Financial Officer Despite her Ample Credentials

29. Despite Plaintiff Checkley's ample qualifications, proven track record at the organization, and myriad contributions to the Finance Department, in or about September 2012, Plaintiff Checkley was passed over for a promotion to the position of Chief Financial Officer (CFO).

30. She was not even considered or given an opportunity to apply for the position of CFO.

31. Defendant La Monica-Lunn hired from outside the organization a white male, Lee Andrews, for the position of CFO.

32. Plaintiff Checkley only became aware of the position upon learning of Mr. Andrews' hire in or about September 2012.

33. Mr. Andrews was hired at a higher salary than Plaintiff Checkley. At the time, Mr. Andrews was hired at an annual salary of $180,000, while Plaintiff Checkley was earning an annual salary of $125,000 at the time.

34. At the time of the filing of this Complaint, Plaintiff Checkley earned $132,000, while Mr. Andrews earned $187,000.

35. Plaintiff Checkley began reporting to Mr. Andrews upon Mr. Andrews' hire.

36. Plaintiff Checkley has consistently demonstrated that she is more qualified than Mr. Andrews for the position of Chief Financial Officer.

37. Throughout his employment, Mr. Andrews has demonstrated lack of knowledge of basic financial protocols. For example, Mr. Andrews has exhibited lack of knowledge as to the scope of the organization's financial information to disclose, lack of knowledge regarding how to correct journal entries for the organization, and an inability to correctly interpret key financial data for the organization.

38. Conversely, Plaintiff Checkley has demonstrated strong knowledge and understanding of these and other basic matters pertaining to the Finance Department and financial protocols in general.

39. Plaintiff Checkley and Mr. Andrews' positions have often been redundant.

40. Plaintiff Checkley has performed much of Mr. Andrews' job during the time Mr. Andrews has worked for the organization.

41. Plaintiff Checkley has repeatedly provided Mr. Andrews with guidance on general financial protocols and has provided Mr. Andrews with information regarding the organization to present to upper level management and the Board of Directors.

42. Mr. Andrews has repeatedly been credited with Plaintiff Checkley's work and accomplishments.

43. Defendants failed to promote Plaintiff Checkley to the position of CFO because of her race. At all times relevant hereto, Defendants acted with knowledge that they

were violating federal, state, and city law. Defendants engaged in this conduct purposely and with intent to harm Plaintiff Checkley.

### Similarly Situated White Employees Have Been Promoted, While Plaintiff Checkley has Never Been Promoted During her Eight Year Tenure

44. Based on her race (African American), Plaintiff Checkley was never promoted during her eight (8) year tenure with the organization despite her ample qualifications and undeniable contributions to the organization.

45. Plaintiff Checkley has never been disciplined or criticized for work performance during her employment with the organization. To the contrary, Plaintiff Checkley has received many accolades and recognition for her accomplishments and contributions.

46. The organization has promoted similarly situated white employees during Plaintiff Checkley's tenure.

47. For example, during Plaintiff Checkley's employment, Defendants promoted Nicole Santamosa, a white female employee, from Information Technology Director to Vice President and then Chief Operating Officer.

48. Defendants promoted Michael McHugh, a white employee, from Program Director to Vice President of Programs, Au Pairs.

49. Defendants promoted Casey Slamin, a white employee, from Program Director to Senior Vice President of Programs.

50. Defendants promoted Dirk Kelly, a white male employee hired in 2014, from IT Engineer to Chief Technology Officer.

51. Defendants promoted Lynne Sebeck, a white female employee, from Program Manager to Program Director.

52. These individuals also received significant pay increases. Upon information and belief, during the relevant time period, they earned more than Plaintiff Checkley.

53. When Plaintiff Checkley first began working with the organization, she was one of the top two (2) earners at the organization.

54. Now all other individuals within management have surpassed Plaintiff Checkley in compensation.

55. The failure to promote Plaintiff Checkly and give Plaintiff Checkley pay increases commensurate with similarly situated white employees constitutes disparate treatment on the basis of Plaintiff Checkley's race.

56. At all times relevant hereto, Defendants acted with knowledge that they were violating federal, state, and city law.

57. Defendants engaged in this conduct purposely and with intent to harm Plaintiff Checkley.

**<u>Defendants Retaliated Against Plaintiff Checkley by Terminating her Employment After She Filed the Instant Complaint</u>**

58. On July 24, 2015, Plaintiff filed the instant Complaint against Defendants, asserting claims pursuant to Sec. 1981, the NYSHRL, and the NYCHRL based on Defendants' discriminatory practices in the terms in and conditions of Plaintiff's employment based on her race.

59. On December 11, 2015, the Parties attended a court-ordered mediation in connection with this matter.

60. The mediation was unsuccessful in that it did not result in a resolution of Plaintiff's claims, and the instant action proceeded.

61. For the following approximately four (4) months, the Parties mutually attempted to resolve Plaintiff's claims through negotiations; however, these efforts were unsuccessful.

62. After several failed attempts at settling Plaintiff's claims, on or about April 14, 2016, Defendants terminated Plaintiff's employment.

63. Defendants' proffered justification for terminating Plaintiff's employment was that Plaintiff's position was being eliminated and replaced by a lower-level, full-time Controller position.

64. Upon information and belief, Defendants' proffered justification for terminating Plaintiff was a pretext for retaliation based on Plaintiff's filing of and continuing to proceed with the instant action against Defendants.

**FIRST CLAIM FOR RELIEF**
**(NYSHRL Violations for Race Discrimination Against all Defendants)**

65. Plaintiff Checkley repeats and realleges all paragraphs above as though fully set forth herein.

66. The NYSHRL makes it unlawful to use an individual's "race" as a basis to "discriminate against such individual in compensation or in terms, conditions or privileges of employment."

67. By the acts and practices described above, Defendants subjected Plaintiff Checkley to disparate treatment based on her membership in a protected class (African American).

68. Defendants knew their actions constituted unlawful discrimination. Thus, Defendants willfully disregarded Plaintiff Checkley's statutorily protected rights.

69. Plaintiff Checkley is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discrimination under NYSHRL.

## SECOND CLAIM FOR RELIEF
### (NYCHRL Violations for Race Discrimination Against all Defendants)

70. Plaintiff Checkley repeats and realleges all paragraphs above as though fully set forth herein.

71. The NYCHRL makes it unlawful to use a person's "race" as a basis to "discriminate against such person in compensation or in terms, conditions or privileges of employment."

72. By the acts and practices described above, Defendants subjected Plaintiff Checkley to less well treatment based on her membership in a protected class.

73. Defendants knew their actions constituted discrimination. Thus, Defendants willfully disregarded Plaintiff Checkley's statutorily protected rights.

74. Plaintiff is now suffering mental anguish, pain, suffering and monetary damages as a result of Defendants' discrimination under the NYCHRL.

## THIRD CLAIM FOR RELIEF
### (Sec. 1981 Violations for Race Discrimination Against all Defendants)

75. Plaintiff Checkley repeats and realleges all paragraphs above as though fully set forth herein.

76. By the acts and practices described above, Defendants discriminated against Plaintiff Checkley in violation of Sec. 1981(c).

77. Sec. 1981 provides in relevant part that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make

and enforce contracts ... and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens..." 42 U.S.C. § 1981(a).

78. Section 1981(c) and the Fourteenth Amendment to the U.S. Constitution protect "all persons" against "nongovernmental discrimination."

79. Defendants systematically, adversely, and purposefully created a discriminatory work environment against Plaintiff Checkley based on race.

80. Defendants knew that their actions constituted discrimination and willfully disregarded Plaintiff Checkley's statutorily protected rights.

81. Plaintiff Checkley is now suffering mental anguish, pain, suffering, and monetary damages as a result of Defendants' discriminatory conduct.

## FOURTH CLAIM FOR RELIEF
### (Sec. 1981 Violations for Retaliation Against all Defendants)

82. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

83. By the acts and practices described above, Defendants unlawfully retaliated against Plaintiff because of her opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's race in violation of Sec. 1981.

84. Defendant La Monica-Lunn is individually liable as she maintained supervisory authority and was, upon information and belief, primarily responsible for the retaliatory actions taken against Plaintiff.

85. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

86. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate

result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## FIFTH CLAIM FOR RELIEF
### (NYSHRL Violations for Retaliation Against all Defendants)

87. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

88. Pursuant to the NYSHRL § 296(7), "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

89. Defendant La Monica-Lunn is individually liable as she has maintained the authority to make personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYSHRL.

90. By the acts and practices described above, Defendants unlawfully retaliated against Plaintiff because of her opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's race in violation of the NYSHRL.

91. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

92. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

## SIXTH CLAIM FOR RELIEF
### (NYCHRL Violations for Retaliation Against all Defendants)

93. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

94. Pursuant to the NYCHRL § 8-107(7), "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter, (iii) commenced a civil action alleging the commission of an act which would be an unlawful discriminatory practice under this chapter, (iv) assisted the commission or the corporation counsel in an investigation commenced pursuant to this title, or (v) provided any information to the commission pursuant to the terms of a conciliation agreement made pursuant to section 8-115 of this chapter."

95. By the acts and practices described above, Defendants unlawfully retaliated against Plaintiff because of her opposition to and complaints about Defendants' discriminatory conduct based on Plaintiff's race in violation of the NYCHRL.

96. Defendant La Monica-Lunn is individually liable as she has maintained the authority to make personnel decisions such as hiring, firing, and setting compensation of employees, and as such, is an employer within the definition of the NYCHRL.

97. Moreover, NYCHRL § 8-107 (7) makes it unlawful "*any person* engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person . . ."

98. As such, Defendant La Monica-Lunn may be held individually liable under the NYCHRL in her capacity as a "person."

99. Defendants knew that their actions constituted unlawful retaliation and/or acted with malice or reckless disregard for Plaintiff's statutorily protected rights.

100. Plaintiff has suffered and will continue to suffer irreparable injury, monetary damages, mental anguish, humiliation, and damage to her reputation as a proximate result of Defendants' retaliatory practices, unless and until this Court grants the relief hereinafter described.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Checkley respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Back pay;

C. Prejudgment Interest;

D. Punitive damages,

E. Mental anguish and pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff Checkley's costs and reasonable attorneys' fees; and

G. Any other relief the Court deems just and proper.

Dated: April 29, 2016
       New York, New York

Respectfully submitted,

_____
Liane Fisher, Esq. (LF5708)
Corey Stein, Esq. (CS3863)
SERRINS FISHER LLP
233 Broadway, Suite 2340
New York, New York 10279
Phone: (212) 571-0700
Facsimile: (212) 233-3801
*ATTORNEYS FOR PLAINTIFF*